IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEO W. SCHEIDLER, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-3158 |
| | § | |
| SAFEWAY ROAD SERVICES, INC. *et al.,* | § | |
|     *Defendants.* | § | |

## ORDER

Pending before the court is plaintiff's motion for notice to potential class members. Dkt. 15. Defendants Safeway Road Services, Inc. d/b/a Safeway Towing & Wrecker Service and Nael Jalamneh ("Defendants") did not respond to the motion. Under Local Rule 7.4, the court deems the motion as unopposed. *See* S.D. TEX. L.R. 7.4. After considering the unopposed motion and applicable law, the court is of the opinion that the motion for notice to potential class members (Dkt. 15) should be GRANTED.

### I. BACKGROUND

This is a Fair Labor Standards Act ("FLSA") case alleging failure to pay statutorily required minimum and overtime wages. Plaintiff was a tow truck driver, who alleges that he and other similarly situated tow truck drivers were misclassified as independent contractors when, in fact, they were employees as defined by the FLSA. Dkt. 1, p. 3. Plaintiff maintains that as a result of defendants' misclassification of him and other tow truck drivers, they were not paid minimum wage or overtime despite working over forty hours in a single workweek. *Id.* at 4. Plaintiff contends that defendants paid them on a per tow basis. Dkt. 15, Ex. A.

Plaintiff now moves for conditional certification so that he may issue notice to current and former employees of defendants about their right to opt-in to this lawsuit. Dkt. 15. To date, seven

other individuals have notified the court that they wish to join in this lawsuit. Dkts. 3-4, 8-11, 14. Defendants did not respond to the current motion.

## II. LEGAL STANDARD

The FLSA creates a cause of action for violation of the minimum wage and overtime provisions of the Act. 29 U.S.C. § 216(b). Section 216(b) permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees who wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing a written consent to become a party with the court. *Id.*

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, but most federal courts (including this court) have adopted the *Lusardi* test. *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) (discussing but declining to adopt the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Badgett v. Tex. Taco Cabana, L.P.*, 2006 WL 2934265, *1-2 (S.D. Tex. 2006). Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis. *Mooney*, 54 F.3d at 1213.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Badgett*, 2006 WL 2934265, at *1. At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *See Mooney*, 54 F.3d at 1213. The decision is made using a "fairly lenient standard," because the court often has minimal evidence at this stage of the litigation. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan. . . ." *Id.*

2

(quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).  Thus, notice stage analysis typically results in conditional certification of a representative class.  *Badgett*, 2006 WL 2934265, at *1.  After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'"  *Mooney*, 54 F.3d at 1214.

After notice issues, the action proceeds as a representative action.  *Id.*  The second stage of the *Lusardi* approach—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete.  *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question."  *Id.*  If the court finds the class is no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice.  *Id.*  If the class is still similarly situated, the court allows the collective action to proceed.  *Id.*

Plaintiff has presented the court with argument and a declaration that indicate that the putative class members had similar jobs, were paid in a similar manner, and were subject to a single decision, policy, or plan resulting in the alleged misclassification and wage violations.  Further, several other individuals have filed written consents to join in this lawsuit.  Defendants have not offered any evidence to the contrary.  The court, therefore, finds that plaintiff has met his burden with regard to conditional certification and that notification should be issued to potential class members.

### III. Conclusion

Plaintiff's motion for notice to potential class members (Dkt. 15) is GRANTED.  The class conditionally certified shall include: **All individuals who at any time from October 28, 2010 to the present worked for Safeway Road Services, Inc. d/b/a Safeway Towing & Wrecker Service**

**as tow truck drivers and were not paid overtime or minimum wage.** Defendants are ordered to provide the names and last known mailing addresses of each potential class member to plaintiff within 14 days of the date of this Order. The notice and notice of consent forms attached to plaintiff's motion are hereby APPROVED with the exception that the class definition shall conform to the language stated by the court *supra*. Plaintiff is permitted to mail the notice and consent form along with a return-addressed stamped envelope to potential opt-in class members. The potential plaintiffs will have 60 days from the date of receipt of the notice to opt-in to this lawsuit.

    It is so ORDERED.

    Signed at Houston, Texas on April 16, 2014.

_____
Gray H. Miller
United States District Judge